[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: ATTORNEY TRIAL REFEREE'S REPORT
I. PROCEDURAL HISTORY
Plaintiff physician brought a three count complaint against defendant Norwalk Hospital and certain staff members and officers of the hospital. The first two counts alleged breach of contract and the third count alleged a violation of the Connecticut Antitrust Act (concerted refusal to deal). Plaintiff was a licensed plastic surgeon who previously had staff privileges at defendant hospital. When those privileges were not renewed, he brought the instant lawsuit and sought the following relief:
a. A declaratory ruling that the actions of defendants in refusing to renew his privileges were null and void.
b. An injunction preventing the defendants from denying his reappointment to the hospital medical staff or in any way interfering with his reappointment or privileges.
c. Money damages.
All injunctive relief was denied by the court (Gerety, J.). The case was submitted to an attorney trial CT Page 6051 referee on the papers and documents in the file as well as proposed findings of fact.
The attorney trial referee rendered a report finding that the bylaws of the hospital constituted an enforceable contract between Norwalk Hospital and the plaintiff. He further found that Norwalk Hospital had breached the terms of that contract and that the plaintiff had never waived his rights under the bylaws. He further recommended that a hearing be held to determine the damages, if any, to the plaintiff.
Defendant objected to the acceptance of the report and the parties agreed to reserve two questions of law for the advice of the Appellate Court. The questions reserved were:
1. Do the bylaws of a Connecticut hospital constitute an enforceable contract between the hospital and the medical staff?
2. Are administrative decisions by a hospital as to the rights of its medical staff under its bylaws subject to judicial review?
The Supreme Court transferred the reservation to itself and reframed the questions to make them specific to this case. Gianetti v. Norwalk Hospital, 211 Conn. 51 (1989). The reframed questions were as follows:
1. Do the bylaws of the Norwalk Hospital constitute an enforceable contract between that hospital and Dr. Gianetti as a member of its medical staff?
2. Are administrative decisions by the Norwalk Hospital, as to the rights of Dr. Gianetti as a medical staff member under its bylaws, subject to judicial review?
The court answered no to the first question stating at pages 59 and 60:
 Under traditional contract law, we conclude that the Norwalk Hospital medical staff bylaws, by themselves, do not constitute an enforceable contract between this hospital and the plaintiff. This is so because the CT Page 6052 governing board of the Norwalk Hospital already has a legal duty imposed by Connecticut State Department of Health Regulations to adopt [Bylaws, Rules and Regulations] Regs., Conn. State Agencies 19-13-D3(b)(1)(A). The legal duty to adopt medical staff bylaws under the regulation, a fortiori, imposes a legal duty upon the Norwalk Hospital to abide by such bylaws. . . . Therefore, because the hospital has this preexisting legal duty to adopt and abide by its medical staff bylaws, that hospital's agreement to do just that cannot constitute valid consideration to support an enforceable contract.
The court went on to rule that, as a preexisting legal duty cannot be legal consideration, the bylaws themselves do not constitute a contract. The court stated, however, that in granting privileges to the plaintiff, the hospital did something that it was not required by law to do. When the plaintiff agreed to abide by those medical staff bylaws, he agreed to do something he was not previously legally bound to do. This constitutes legal consideration. At page 63 the court concluded, "Therefore, there is a contractual relationship between the hospital and the plaintiff." The court had previously noted in footnote 6 at page 58 that: "We do not find facts. In this case, on the record, we are in a position to decide whether, as a matter of law, a valid contract existed between the plaintiff and the hospital." The court goes on at page 63 to state:
 As discussed earlier, it is inherent in this contractual relationship that the hospital must obey its own bylaws. It is crucial to understand that the medical staff bylaws, per se, do not create a contractual relationship between the hospital and the plaintiff but because of the undertakings of the plaintiff and the hospital and because the hospital has a duty to obey its bylaws, the bylaws have now become an enforceable part of the contract between the hospital and this physician to whom it has given privileges at the hospital. [Emphasis CT Page 6053 in original, internal quotation marks and citations omitted.]
With respect to the second question, the court reviewed the public/private hospital distinction wherein the majority of courts refused to review exclusions from the medical staffs of private, nonprofit hospitals. The court then concluded at page 67: "The rights and duties arising out of this contractual relationship, as in any contractual relationship, are subject to judicial review. We accordingly answer the second question `yes'."
II. PROCEEDINGS AFTER THE RESERVATION DECISION
After the Supreme Court ruling on the reframed reservation questions, various motions were pressed by the parties in support of their respective claims. Those claims are as follows.
Plaintiff claims that this matter is now ready for a hearing in damages before an attorney trial referee. He argues that there is no need for any further hearing with respect to what constitutes the contract as the trier found breaches of the bylaws and the Supreme Court ruled that those bylaws were an enforceable part of the contract or the contractual relationship between the parties.
Defendant hospital claims that the report should be rejected and a new trial held on all of the issues for the following reasons:
1. The attorney trial referee had no right to bifurcate the hearing; therefore, his failure to rule on the question of damages makes the report unacceptable.
2. His conclusions are not supported by substantial facts found.
3. His legal rulings were erroneous, particularly his conclusion that the bylaws formed an enforceable contract.
All parties presented their claims in this difficult matter in a very able fashion. However, the court finds the plaintiff's position to be the more persuasive. CT Page 6054
Connecticut General Statutes 52-434(4) states in relevant part: "The Chief Justice may appoint, from qualified members of the bar of the state, . . . state referees. . . ." The statute gives state referees ". . . the powers of the superior court in respect to trial. . . ." The trier has the right to determine the order in which issues shall be tried. Connecticut General Statutes 52-205 states: "In all cases, whether entered upon the docket as jury cases or court cases, the court may order that one or more of the issues joined be tried before the others." The parties submitted the documents and papers to the attorney trial referee and apparently chose not to submit any other evidence as to damages. The attorney trial referee, based upon what was submitted, could only address the breach of contract claims in terms of liability.
The court has examined the files and finds that the conclusions reached by the attorney trial referee do find support in the documents presented.
Lastly, the only error of law actually claimed is that the attorney trial referee's conclusion that a contract existed by virtue of the bylaws was erroneous based upon the rulings by the Supreme Court on the reserved questions.
The Supreme Court held that the bylaws in and of themselves could not be a contract because of a lack of consideration. The court went on to hold that the plaintiff and the defendant did indeed, based on the record, have a contractual relationship supported by adequate legal consideration as discussed above. The court further said that the bylaws were an integral part of that relationship. A failure to abide by those bylaws could indeed be a breach of contract. The parties had ample opportunity to present evidence on the contractual issues and acquiesced in the procedure used by the attorney trial referee to determine whether or not there was a breach of contract. The Supreme Court has determined that there was a contractual relationship and the trial referee has found breaches on the part of the defendant hospital. The court sees no need for a further hearing on these issues.
Defendants' objections and motions to extend time need not be further addressed at this point. The court's ruling is interlocutory and after the hearing in damages the parties may file any necessary motions directed to the attorney trial referee's report. CT Page 6055
The court enters an interlocutory judgment of liability based on the attorney trial referee's report and refers the matter for a hearing in damages.[1]
E. EUGENE SPEAR, JUDGE